Jose Eleazar LANDEROS–CISNEROS,
Petitioner,

v.

Janet RENO, as Attorney General of the United States; Doris Meisner, as Commissioner of the Immigration and Naturalization Service; Brian Perryman, as Chicago District Director of the Immigration and Naturalization Service, Respondents.

No. 98 C 6672.

United States District Court,
N.D. Illinois,
Eastern Division.

April 15, 1999.

Carlos J. Gonzalez, Andrew B. Serlin, Maria A. Alvarado, Gonzalez, Serlin & Alvarado, LLC, Chicago, IL, for petitioner.

James G. Hoofnagle, Jr., Special Assistant U.S. Attorney, Chicago, IL, for respondents.

## MEMORANDUM OPINION AND ORDER

ALESIA, District Judge.

Before the court is respondents' motion to dismiss petitioner's petition for writ of habeas corpus for lack of subject matter jurisdiction. For the reasons that follow, the court grants respondents' motion to dismiss.

## I. BACKGROUND

Petitioner Jose Eleazar Landeros–Cisneros ("Cisneros") is a citizen of Mexico who became a lawful permanent resident of the United States on July 22, 1984. On November 30, 1995, Cisneros pleaded guilty to the offense of possession of a controlled substance in violation of 720 ILL. COMP.STAT. § 570/402. Cisneros was sentenced to a one-year term of incarceration.

After serving his term of incarceration, Cisneros was turned over to the custody of the Immigration and Naturalization Service ("the INS"). The INS issued an Order To Show Cause, charging Cisneros with deportability under § 241(a)(2)(B)(i) of the Immigration and Nationality Act ("the INA"), 8 U.S.C. § 1151(a)(2)(B)(i). Cisneros submitted an application for waiver under § 212(c) of the INA on April 23, 1996, which was one day before Congress passed the Antiterrorism and Effective Death Penalty Act ("AEDPA").

Cisneros' deportation hearing was held on February 7, 1997. The immigration judge denied Cisneros' application for waiver under § 212(c), finding that § 440(d) of AEDPA (under which aliens who are found deportable for having committed a controlled substance offense are statutorily ineligible for § 212(c) relief) retroactively barred Cisneros from applying for relief under § 212(c). The immigration judge found Cisneros deportable and ordered that he be deported from the United States. Cisneros appealed to the Board of Immigration Appeals ("the BIA"), which dismissed his appeal on August 31, 1998. On October 6, 1998, the INS notified Cisneros to surrender for immediate deportation on October 22, 1998.

On October 22, 1998, Cisneros filed this petition for habeas corpus pursuant to 28 U.S.C. § 2241, Art. I, § 9, cl. 2 of the Constitution of the United States (the Suspension Clause), and 28 U.S.C. § 1331. In his petition, Cisneros claims that he is being held unconstitutionally because (1) the immigration judge and the BIA deprived Cisneros due process of law by applying § 440(d) of AEDPA retroactively and (2) § 440(d) violates his equal protection rights because it applies in deportation proceedings but not in exclusion proceedings. Respondents have moved to dismiss this case, arguing that this court lacks subject matter jurisdiction to review the final order of deportation pursuant to § 440(a) of AEDPA.

## II. DISCUSSION

### A. *Standard for deciding a Rule 12(b)(1) motion to dismiss*

■ Federal Rule of Civil Procedure 12(b)(1) permits the court to dismiss a case for lack of subject matter jurisdiction. FED.R.CIV.P. 12(b)(1). Unlike state courts, federal courts are courts of limited subject matter jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994). Federal courts only have the power to hear a case if that power is granted by the Constitution and authorized by statute. *Id.* The presumption is that a cause lies outside of this limited jurisdiction. *Id.* The burden of establishing the contrary rests upon the party asserting jurisdiction. *Id.*

If the Rule 12(b)(1) motion challenges the sufficiency of the allegations of subject matter jurisdiction, then the court must accept as true all well-pleaded factual allegations and construe them favorably to the pleader. *Rueth v. United States EPA*, 13 F.3d 227, 229 (7th Cir.1993). Dismissal is proper if it appears beyond doubt that the plaintiff cannot prove any set of facts consistent with the pleadings that would entitle him to the relief requested. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1947).

### B. *Cisneros' petition for writ of habeas corpus*

■ Respondents have moved to dismiss this case, arguing that this court lacks subject matter jurisdiction to review the final order of deportation pursuant to § 440(a) of AEDPA. The court agrees.

Section 440(a) of AEDPA, which amended § 106 of the INA, provides that a "final order of deportation against an alien who is deportable by reason of having committed a [drug] offense … shall not be subject to review by any court." 8 U.S.C. § 1105a(a)(10). Pursuant to § 440(a), a federal district court does not have subject matter jurisdiction to hear a petition for writ of habeas corpus from an alien who belongs to the class of aliens encompassed

by § 440(a); rather, the alien must seek review of his constitutional issues directly in the court of appeals. *LaGuerre v. Reno*, 164 F.3d 1035, 1040 (7th Cir.1998). The only cases in which a district court may have jurisdiction to entertain a § 2241 petition are those rare cases in which the alien, for reasons beyond his control, could not have raised his constitutional issue in the court of appeals. *Id.*

In this case, Cisneros was convicted of a drug offense and, thus, falls within the class of aliens encompassed by § 440(a). Cisneros has made no argument that for reasons beyond his control he could not have sought direct review in the court of appeals under § 440(a).[1] Thus, this court does not have subject matter jurisdiction to entertain Cisneros' § 2241 petition for writ of habeas corpus.

## CONCLUSION

For the foregoing reasons, the court grants respondents' motion to dismiss petitioner Jose Eleazar Landeros–Cisneros' petition for writ of habeas corpus and dismisses this case for lack of subject matter jurisdiction.

---

1. Cisneros has only requested that this court reserve its ruling until the Seventh Circuit decides the petition for rehearing in the *La-Guerre* case. The Seventh Circuit denied the petition for rehearing on April 9, 1999.